# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEWFIELD EXPLORATION MID-CONTINENT INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-16-1080-M ) |
| CORE RESOURCES, LLC, and PALEO, INC., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed October 25, 2016. On December 15, 2016, plaintiff filed its response, and on December 21, 2016, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

Pursuant to Federal Rules of Civil Procedure 12(b)(7), 19(b), and 12(b)(6), defendants move this Court to dismiss the claims set forth in plaintiff's Amended Complaint. Specifically, defendants assert that dismissal is proper under Rule 12(b)(7) and Rule 19(b) because plaintiff failed to join an indispensable party, Paloma Partners, IV, LLC ("Paloma"), who is the owner of the oil and gas leases that plaintiff seeks to nullify, and because Paloma and plaintiff are not diverse, the feasibility of joinder is negated and the Court is divested of subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Additionally, defendants assert that dismissal of plaintiff's breach of contract claim is proper under Rule 12(b)(6) because plaintiff did not plead facts sufficient to demonstrate the existence of an enforceable joint operating agreement.[1]

---

[1] Because this Court finds that this action should be dismissed pursuant to Rule 12(b)(7) and Rule 19(b), the Court need not address defendants' Rule 12(b)(6) arguments.

Paloma took an assignment of the leases at issue in this case from defendant Core Resources, LLC on September 9, 2016, one week before plaintiff filed the instant action. After taking the assignment, Paloma became the owner of these leaseholds. The assignment was recorded on September 21, 2016, two days after plaintiff recorded a lis pendens notice in the real estate records of Kingfisher County. Part of the relief plaintiff is requesting in this case is for the Court to declare as a matter of law that the leases, which are now owned by Paloma, are of no current force and effect.

Plaintiff asserts that Paloma does not need to be joined as an additional defendant in this lawsuit because Paloma recorded its assignment of the leases after this lawsuit was filed and after plaintiff filed a lis pendens notice in the real estate records. Plaintiff further asserts that the reason the lis pendens procedure exists is so that a plaintiff in a lawsuit involving rights in real estate can record a lis pendens notice in the real estate records and thereafter be absolved of any need to keep joining new assignees and successors to the named defendants in the lawsuit as ownership of the property may change during the pendency of the lawsuit. Okla. Stat. tit. 12, § 2004.2 provides, in pertinent part: "[w]hile an action is pending, no third person shall acquire an interest in the subject matter of the suit as against the prevailing party's title". Okla. Stat. tit. 12, § 2004.2(A). Paloma, however, did not acquire the leases in this case while this action was pending; Paloma acquired the leases before this action was filed. Further, the Court finds there was no unreasonable delay in the recording of Paloma's assignment of the leases; the assignment was recorded only two weeks after it was executed. Thus, the Court finds that the lis pendens doctrine does not appear to apply in this case.

Additionally, even if the lis pendens doctrine applied in this case, the Court finds that said doctrine does not usurp this Court's analysis of whether Paloma is a necessary and indispensable

party. Further, based upon *Lind v. Goble*, 246 P. 472 (Okla. 1926), it appears that any judgment in this case would be res judicata against Paloma and would operate as an estoppel against the assertion of Paloma's rights. The Court, thus, finds the effect of the lis pendens doctrine justifies the need to conduct the necessary and indispensable analysis and supports a finding of indispensablity.

Under Rule 12(b)(7), a court may dismiss a case for failure to join a necessary and indispensable party under Rule 19. "When applying Rule 19, a district court must first determine whether the absent party is necessary to the lawsuit and, if so, whether joinder of the absent party is feasible." *Davis v. United States*, 192 F.3d 951, 957 (10th Cir. 1999) (internal citation omitted). Rule 19(a) provides, in pertinent part:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1) *Required Party*.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Defendants contend that absent Paloma, the owner of leases at issue in this case, the Court cannot make the requested determination without severely prejudicing the lessee's rights.[2] Having

---

[2] The Court would note that plaintiff does not address whether Paloma is an indispensable party in its response.

3

reviewed the parties' submissions, the Court finds that Paloma is necessary to this lawsuit. Specifically, the Court finds that Paloma claims an interest relating to the subject of this case – Paloma owns the leases that plaintiff is asking the Court to declare as a matter of law are of no current force and effect. Further, the Court finds that disposing of this case in Paloma's absence may as a practical matter impair or impede Paloma's ability to protect the interest. As set forth above, under *Lind*, it appears that any judgment in this case would be res judicata against Paloma and will operate as an estoppel against the assertion of Paloma's rights. Finally, the Court finds that because plaintiff and Paloma are not diverse, joinder of Paloma is not feasible as this Court would no longer have subject matter jurisdiction over this case.

> If an absent party is necessary but cannot be joined, the district court must then ascertain whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed. If the district court concludes the action cannot proceed in equity and good conscience, it must deem the absent party indispensable and dismiss the suit.

*Davis*, 192 F.3d at 959 (internal quotations and citations omitted). Rule 19(b) enumerates four factors which must be weighed when determining whether in equity and good conscience a suit can proceed in the absence of a necessary party:

> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> **(2)** the extent to which any prejudice could be lessened or avoided by:
> **(A)** protective provisions in the judgment;
> **(B)** shaping the relief; or
> **(C)** other measures;
> **(3)** whether a judgment rendered in the person's absence would be adequate; and
> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Having weighed the above factors, the Court finds that in equity and good conscience this action cannot proceed in the absence of Paloma. Specifically, in the case at bar, plaintiff seeks to nullify Paloma's leasehold interests. Clearly, Paloma will be prejudiced, particularly in light of the likely res judicata effect of any judgment, if a judgment is rendered in its absence. "No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Jicarilla Apache Tribe v. Hodel*, 821 F.2d 537, 540 (10th Cir. 1987) (internal quotations and citation omitted). Second, the Court finds that there are no alternative measures that could be employed that would protect Paloma's interests. Third, the Court finds that any judgment rendered in Paloma's absence would not be adequate and would likely result in additional litigation. Finally, the Court finds plaintiff would have an adequate remedy if this action were dismissed for nonjoinder. As set forth in defendants' motion, there are other courts that are capable of adjudicating this dispute.

Accordingly, for the reasons set forth above, the Court GRANTS defendants' Motion to Dismiss Plaintiff's Amended Complaint [docket no. 10] and DISMISSES this action.

**IT IS SO ORDERED this 30th day of March, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE